**UNITED STATES of America, Plaintiff,**

**v.**

**James CHARLES, Defendant.**

**Crim. No. 85–10005–01.**

United States District Court,
D. Kansas.

April 3, 1985.

Jackie Williams, Asst. U.S. Atty., Wichita, Kan., for plaintiff.

William L. Winkley, Salina, Kan., for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

Defendant James Charles has been indicted by a grand jury on nine counts for a criminal violation of 18 U.S.C. § 658 (1961). Defendant now moves to quash the indictment and to dismiss the action. For reasons stated below, defendant's motion is denied.

On January 29, 1985, a grand jury returned an indictment against James Charles, charging him with selling property mortgaged and pledged to the Production Credit Association (PCA) of Northwest Kansas, Colby, Kansas. This activity is alleged to be in violation of 18 U.S.C. § 658 (1961), which states:

Whoever, with intent to defraud, knowingly conceals, removes, disposes of, or converts to his own use or to that of another, any property mortgaged or pledged to, or held by, the Farm Credit Administration, any Federal intermediate credit bank, or the Federal Crop Insurance Corporation, Farmers' Home Corporation, the Secretary of Agriculture acting through the Farmers' Home Administration, any production credit association *organized under sections 1131–1134m of Title 12,* any regional agricultural credit corporation, or any bank for cooperatives, shall be fined not more than $5,000 or imprisoned not more than five years, or both; but if the value of such property does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

(Emphasis added).

Defendant alleges this Court lacks jurisdiction to hear this case because the Farm Credit Act of 1971, 12 U.S.C. §§ 2001 *et seq.* (1971), effectively repealed the statute on which plaintiff United States of America bases its requisite jurisdiction. Defendant alleges because the Farm Credit Act of 1971 repeals §§ 1131–1134m of the Farm Credit Act of 1933, no further criminal indictments may be handed down under 18 U.S.C. § 658 (1961) for violations involving production credit associations. Defendant supports his allegation by arguing the PCA in question ceased to exist and was reorganized under the Farm Credit Act of 1971.

While this Court commends defendant for his ingenuity, the Court does not accept his position.

The following statutes and legislative histories express the intent of Congress concerning the present action.

Title 12 U.S.C. § 2091 (1971) provides:

Each production credit association chartered under section 20 of the Farm Credit Act of 1933, as amended, *shall continue* as a federally chartered instrumentality of the United States. . . .

(Emphasis added).

It is undisputed that the PCA defendant was involved with was *organized under §§ 1131–1134m of Title 12.* Thus, the PCA in question falls within the ambit of 18 U.S.C. § 658 (1961). In addition, applying § 2091 above, this Court finds that because the PCA in question was organized under

the Farm Credit Act of 1933, it continues as a federally chartered instrumentality.

Section 5.26(b) of the Farm Credit Act of 1971 states:

> All regulations of the Farm Credit Administration or the institutions of the System and all *charters, bylaws, resolutions,* stock classifications, and policy directives issued or approved by the Farm Credit Administration, and all elections held and appointments made under the Acts repealed by subsection (a) of this section, *shall be continuing and remain valid until superseded, modified, or replaced under the authority of this Act*
>
> . . . .

Pub.L. No. 92–181, 85 Stat. 624 (1971) (emphasis added).

The legislative history to the above section indicates:

> The original Federal Farm Loan Act, as amended, and the 1933 Farm Credit Act, as amended, and some nine supplementary acts are repealed. References in other legislation to those Acts will be construed to refer to comparable provisions of this Act. Subsection (b) is a savings clause *preserving the validity of all things done under the Acts repealed in order to avoid disruption of the operations of the System.*

1971 U.S.Code Cong. & Ad.News 2091, 2118 (emphasis added).

The legislative history to § 5.24 of the Farm Credit Act of 1971 states:

> Citizenship of institutions of the System and *judicial jurisdiction found in existing law is retained.* However, an exception to the rule that actions relating to production credit association matters must be brought in State courts is made in those cases over which the State courts have no jurisdiction.

1971 U.S.Code Cong. & Ad.News 2118 (emphasis added).

The plain wording of the above sections indicates Congress' intent that federal courts retain jurisdiction over activity involving PCA's organized under §§ 1131–1134m of the Farm Credit Act of 1933.

Because the activity in the present suit involves a PCA organized under these sections, this Court has jurisdiction over defendant.

IT IS THEREFORE ORDERED this 3 day of April, 1985, that defendant James Charles' motion to quash the indictment against him be denied.